UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CINDY RAMIREZ ALICEA,

    Plaintiff,

v.                                                          Case No. 8:19-cv-625-T-MAP

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

## **ORDER**

This is an appeal of the administrative denial of supplemental security income (SSI) and disability insurance benefits (DIB).[1] *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Plaintiff argues her case should be remanded to the Commissioner under sentence four of 42 U.S.C. §405(g), because the Administrative Law Judge's (ALJ) decision exceeded the scope of the district court's remand order, the ALJ did not investigate an apparent conflict between the vocational expert's (VE) testimony and the Dictionary of Occupational Titles (DOT), and there are not a significant number of jobs in the national economy Plaintiff can do. After considering Plaintiff's arguments, Defendant's response, and the administrative record (docs. 10, 21, 23), I find substantial evidence supports the ALJ's decision that Plaintiff is not disabled. I affirm.

    *A. Background*

Plaintiff Cindy Ramirez Alicea was born on August 20, 1970. (R 903) She was 34 years old on her alleged onset date of February 28, 2005. She graduated high school and attended some college classes. She has work experience as a New York City police officer, a youth facility

---

[1] The parties have consented to my jurisdiction under 28 U.S.C. § 636(c).

program coordinator, a pharmacy technician, a TSA screener, a painter, and a landscaper. (*Id*.) Plaintiff alleges disability due to heart palpitations and neck, back, and knee pain. (R. 182-92)

This case has a long procedural history. In a nutshell, Plaintiff filed her initial applications for benefits in January 2007. (R. 191-92) After a hearing, the first ALJ denied Plaintiff's applications in August 2009 (ALJ decision 1). (R. 43-78, 84-97) Plaintiff appealed and, in January 2010, the Appeals Council (AC) granted review, vacated the ALJ's decision, and remanded the case for further administrative proceedings. (R. 98-101) The same ALJ held a second hearing in June 2010, and after taking testimony, ordered a consultative examination to clarify Plaintiff's ability to use her hands and arms. (R. 845-73) In September 2010, the ALJ issued a second decision, again finding Plaintiff not disabled (ALJ decision 2). (R. 989-1005) The ALJ determined Plaintiff retained the RFC for a reduced range of light work and could work as a check cashier, civil servant, circulation clerk, security monitor, ticket checker, and final assembler. (R. 994, 1004) Plaintiff appealed this second decision to the AC, which this time denied review. (R. 1-7)

With her administrative remedies exhausted, Plaintiff appealed to federal district court. In March 2014, United States Magistrate Judge Thomas McCoun found the ALJ's decision to discount the consultative examiner's findings unsupported by substantial evidence (district court remand order); the court reversed the Commissioner's decision and remanded the case to the agency. (R. 960-71) On remand, the AC vacated the ALJ's second opinion. (R. 976-79) Pursuant to agency policy, the AC reassigned the case to a different ALJ.

The second ALJ held a hearing (Plaintiff's third) in June 2015 (R. 928-59), and afterwards issued a decision finding Plaintiff not disabled (ALJ decision 3). (R. 885-914) Specifically, the ALJ found Plaintiff suffers from the severe impairments of degenerative disc disease of the left knee with a partial tear of the anterior cruciate ligament (ACL) as well as chondral wear behind

the patellofemoral joint; talofibular entrapment syndrome of the left ankle; bulges at C3-C4, C4-C5, and C6-C7 of the cervical spine, all indenting the thecal sac; spina bifida at T12 of the thoracic spine; bulge at L5-S1 of the lumbar spine that incompletely effaces the ventral epidural fat; headaches; and supraventricular tachycardia. (R. 891) The ALJ then decided Plaintiff retained the RFC for sedentary work except:

> She required the freedom to sit or stand at 30- to 60-minute intervals throughout the workday. The claimant could occasionally push/pull bilaterally, and occasionally operate foot control bilaterally. She could never climb ladders, ropes, or scaffolds and never kneel or crawl, but could occasionally climb ramps and stairs and occasionally balance, stoop, and crouch. The claimant could not reach overhead with the non-dominant left upper extremity, and could frequently reach in all other directions bilaterally. She could frequently handle and finger with the non-dominant left upper extremity. The claimant had to avoid concentrated exposure to temperature extremes, wetness, humidity, and excessive vibrations, as well as avoid all exposure to hazardous machinery and unprotected heights.

(R. 894) After consulting a vocational expert, the ALJ found that, with this RFC, Plaintiff is capable of performing work as a production inspector, surveillance monitor, and order clerk. (R. 904) The AC denied review. (R. 874-82) Plaintiff, having exhausted her administrative remedies, filed this action.

    *B. Standard of Review*

To be entitled to DIB and/or SSI, a claimant must be unable to engage "in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "'physical or mental impairment' is an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *See* 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated detailed regulations that are currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). Under this process, the Commissioner must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment(s) (*i.e.*, one that significantly limits her ability to perform work-related functions); (3) whether the severe impairment meets or equals the medical criteria of Appendix 1, 20 C.F.R. Part 404, Subpart P; (4) considering the Commissioner's determination of claimant's RFC, whether the claimant can perform her past relevant work; and (5) if the claimant cannot perform the tasks required of her prior work, the ALJ must decide if the claimant can do other work in the national economy in view of her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). A claimant is entitled to benefits only if unable to perform other work. *See Bowen v. Yuckert*, 482 U.S. 137, 142 (1987); 20 C.F.R. § 404.1520(f), (g); 20 C.F.R. § 416.920(f), (g).

In reviewing the ALJ's findings, this Court must ask if substantial evidence supports those findings. *See* 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The ALJ's factual findings are conclusive if "substantial evidence consisting of relevant evidence as a reasonable person would accept as adequate to support a conclusion exists." *Keeton v. Dep't of Health and Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citation and quotations omitted). The Court may not reweigh the evidence or substitute its own judgment for that of the ALJ even if it finds the evidence preponderates against the ALJ's decision. *See Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's "failure to apply the correct

law or to provide the reviewing court with sufficient reasoning for determining the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066 (citations omitted).

    *C. Discussion*

        *1. Law of the Case / Mandate Rule*

Citing Ninth Circuit case law, Plaintiff argues the ALJ's decision exceeds the scope of the district court's remand order in violation of the law of the case doctrine and the mandate rule. According to Plaintiff, in the absence of a binding Eleventh Circuit decision, this Court should give "great weight" to Ninth Circuit precedent and find that the ALJ, in ALJ decision 3, was obliged to adopt the RFC in ALJ decision 2. The Commissioner disagrees, and so do I.

Generally, under the law of the case doctrine, an appellate court's findings of fact and conclusions of law are binding in all subsequent proceedings in the same case, whether in the trial court or on a later appeal. *Zuniga v. Comm'r of Soc. Sec. Admin.*, 772 F. App'x 870, 871 (11th Cir. 2019) (citing *This That & the Other Gift & Tobacco, Inc. v. Cobb Cty.*, 439 F.3d 1275, 1283 (11th Cir. 2006)). The Eleventh Circuit has not decided if the law of the case doctrine applies in the administrative realm. *Id*. The mandate rule, on the other hand, requires compliance on remand with the appellate court's instructions. This rule forecloses re-litigation of any issue the appellate court expressly or impliedly decided. *See Johnson v. Keybank Nat'l Ass'n (In re Checking Account Overdraft Litig.)*, 754 F.3d 1290, 1296 (11th Cir. 2014).

In ALJ decision 2, the ALJ determined Plaintiff is capable of a range of light work and limited her to simple, routine, and repetitive job tasks. In ALJ decision 3, the ALJ did not include this limitation in his RFC formulation but instead limited Plaintiff to sedentary work. Notably, Plaintiff does not argue that ALJ decision 3 is unsupported by substantial evidence. Instead, she contends that *if* the second ALJ, in ALJ decision 3, had abided the district court's mandate and

limited her to simple, routine, and repetitive tasks, he would not have determined at step five that Plaintiff is capable of working as an order clerk or a surveillance system monitor. These jobs exceed what *should have been* her RFC – the argument goes – because they require a reasoning level of 3, which is inconsistent with simple tasks. And, if Plaintiff cannot work as an order clerk or a surveillance system monitor, the only other job the ALJ identified as within her RFC is production inspector. And this job does not exist in significant numbers in the economy, she argues.

Plaintiff overlooks that the ALJ's pre-remand order (ALJ decision 2) was stripped of its binding effect. Because the AC vacated ALJ decision 2, it is "officially gone," and cannot provide a basis for the relief Plaintiff seeks. *United States v. Sigma Int'l, Inc.*, 300 F.3d 1278, 1280 (11th Cir. 2002). A vacated opinion has "no legal effect whatever. [It is] void." *Id*. "None of the statements made [therein] has any remaining force[.]" *Id*. Stated differently, "a general vacat[ur] . . . vacates the entire judgment below, divesting the lower court's earlier judgment of its binding effect." *United States v. M.C.C. of Fla., Inc.*, 967 F.2d 1559, 1561 (11th Cir. 1992).

After the district court remanded the case, the AC "vacate[d] the final decision of the Commissioner of Social Security and remand[ed] this case to an Administrative Law Judge for further proceedings consistent with the order of the court." (R. 978) The AC directed the post-remand ALJ to "address the additional evidence submitted, take any further action needed to complete the administrative record and issue a new decision." (*Id*.) Social Security regulations provide that, in the event the AC orders a remand, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. §§ 404.977(b), 416.1477(b). The ALJ's post-remand RFC is

not inconsistent with the AC's order. *See Gibbs v. Barnhart*, 130 F. App'x 426, 430 (11th Cir. 2005).

For either the law of the case doctrine or the mandate rule to bar the post-remand ALJ from re-formulating Plaintiff's RFC, an earlier decision must exist. Because the AC vacated the earlier decision, the pre-remand ALJ's RFC formulation had no binding effect on the post-remand ALJ. And to the extent Plaintiff argues the mandate rule prohibited the ALJ from formulating a new RFC in ALJ decision 3, this too is incorrect. The district court did not mandate a specific result on remand; he instructed the ALJ to "state with particularity the weight given to different medical opinions," specifically the opinions of Plaintiff's consultative examiners. (R. 971) I need not address Plaintiff's remaining arguments – that jobs requiring a reasoning level of 3 are inconsistent with an RFC limitation to simple, routine, and repetitive tasks and that the production inspector job does not exist in sufficient numbers – because they presuppose the ALJ's decision exceeds the scope of the remand order. It does not.

*D. Conclusion*

For the reasons stated above, it is ORDERED:

    (1) The Commissioner's decision is AFFIRMED; and

    (2) The Clerk of Court is directed to enter judgment for the Defendant and close the case.

DONE and ORDERED in Tampa, Florida on May 29, 2020.

*/s/ Mark A. Pizzo*
MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE